UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

STEPHEN SCOTT                                         CIVIL ACTION

VERSUS                                                NO. 12-811

CENAC TOWING CO., LLC et al.                          SECTION "F"

ORDER AND REASONS

Before the Court is Settoon Towing, LLC's motion for partial summary judgment. For the reasons that follow, the motion is GRANTED.

Background

This case involves personal injuries that allegedly were caused during the handling of benzene-containing chemicals and solvents.

For eighteen years, Stephen Scott worked for Cenac Towing Co., LLC and Settoon Towing, LLC as a seaman on board their vessels.[1] While working for both companies, Mr. Scott encountered benzene-containing chemicals and solvents, including gasoline, diesel, and crude oil. He was later diagnosed with aplastic anemia, which causes insufficient production of new blood cells. Mr. Scott argues that his condition developed as a result of his exposure to benzene.

Scott sued Cenac Towing and Settoon Towing in this Court on

---

[1] Scott worked for Cenac Towing from 1993 to 2000 and for Settoon Towing from 2000 to 2011.

March 27, 2012. Mr. Scott alleges claims based on Jones Act negligence and the general maritime law doctrine of unseaworthiness. In addition to maintenance and cure, Mr. Scott seeks damages under the Jones Act and general maritime law, including punitive damages. Settoon Towing now moves for partial summary judgment on the issue of punitive damages under the Jones Act.

Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to

establish an essential element of his case.  See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See <u>Donaghey v. Ocean Drilling & Exploration Co.</u>, 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  <u>Id.</u>  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. <u>Martin v. John W. Stone Oil Distrib., Inc.</u>, 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party.  <u>Anderson</u>, 477 U.S. at 255.

## I. <u>Discussion</u>

Defendant contends that punitive damages are precluded as a remedy for plaintiff's Jones Act claim.  The Court agrees.

In <u>Miles v. Apex Marine Corp.</u>, the Supreme Court limited the damages available to plaintiffs under the Jones Act.  498 U.S. 19, 32 (1990).  The Supreme Court noted that the Jones Act incorporated the Federal Employers' Liability Act, which allows for recovery of only pecuniary damages.  <u>Id.</u>  As a result, "[i]ncorporating FELA unaltered into the Jones Act, Congress must have intended to incorporate the pecuniary limitation on damages as well." <u>Id.</u>

Although <u>Miles</u> involved loss of society damages and not

3

punitive damages, courts have uniformly interpreted <u>Miles</u> to bar plaintiffs from recovering punitive damages under the Jones Act, because punitive damages are non-pecuniary.  <u>See, e.g.</u>, <u>Horsley v. Mobil Oil Corp.</u>, 15 F.3d 200, 202-03 (1st Cir. 1994); <u>Miller v. Am. President Lines</u>, 989 F.2d 1450, 1454-59 (6th Cir. 1993); <u>Seaman v. Seacor Marine LLC</u>, No. 07-3354, 2008 WL 360783, at *2 (E.D. La. Jan. 17, 2008) ("In this circuit, punitive damages are classified as non-pecuniary in nature. . . . Therefore, as a Jones Act seaman Plaintiff cannot recover them."); <u>Anderson v. Texaco, Inc.</u>, 797 F. Supp. 531, 534 (E.D. La. 1992) ("[T]he post-<u>Miles</u> district court cases, in this district and in others, speak with one voice in concluding that punitive damages are non-pecuniary and, therefore, are not recoverable under <u>Miles</u>'s interpretation of the Jones Act.").

   The Supreme Court's recent decision in <u>Atlantic Sounding Co. v. Townsend</u> does not alter the proposition that punitive damages are not recoverable under the Jones Act.  557 U.S. 404 (2009).  In <u>Townsend</u>, a seaman sought to recover punitive damages in a general maritime suit for failure to pay maintenance and cure.  <u>Id.</u> at 407.  The Supreme Court addressed the narrow question of whether the general maritime claim of willful failure to pay maintenance and cure, which arises from common law, was limited to the remedies available under the Jones Act.  <u>Id.</u>  The Court noted that a claim for maintenance and cure was a separate cause

4

of action from Jones Act claims and, therefore, the Jones Act limitations did not apply.  Id. at 417-19.  As a result, the Court held that punitive damages are recoverable for the general maritime law claim of maintenance and cure.  Id. at 418-19.

Although Townsend reinvigorated the debate as to punitive damages in claims arising under general maritime law, Townsend did not affect Miles' holding concerning the limitation on damages under the Jones Act.  See id. at 425 n.12; see also McBride v. Estis Well Serv., LLC, No. 11-0557, 2012 WL 1833938, at *3 (W.D. La. May 16, 2012) ("Townsend does not hold that punitive damages are recoverable under the Jones Act."); Wagner v. Kona Blue Water Farms, LLC, No. 09-00600, 2010 WL 3566730, at *7 (D. Haw. Sept. 13, 2010) ("Townsend did not wholesale permit the recovery of punitive damages in maritime actions.")  Townsend limits itself to the recovery of punitive damages in a general maritime action, not a Jones Act action.  Notably, the Supreme Court specifically stated in Townsend that "[t]he reasoning of Miles remains sound."  557 U.S. at 420.  Evaluating the facts in the light most favorable to the non-moving party, the plaintiff has failed to demonstrate a genuine material issue of fact and the issue of law seems clear.  Accordingly, the defendant's partial motion for summary judgment as to the plaintiff's claim for punitive damages under the Jones Act is GRANTED.

New Orleans, Louisiana, September 24, 2012

```
_____
       MARTIN L. C. FELDMAN
     UNITED STATES DISTRICT JUDGE
```