UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

STEPHEN SCOTT                                CIVIL ACTION

VERSUS                                       NO. 12-811

CENAC TOWING CO., LLC ET AL.                 SECTION "F"

ORDER & REASONS

Before the Court is Settoon Towing, LLC's motion for summary judgment on its cross claim against Cenac Towing Co., LLC. For the reasons that follow, the motion is DENIED.

Background

This case involves a dispute over the amount of reimbursement owed under defendants' agreement to split the cost of plaintiff's maintenance and cure.

The lawsuit arises out of a marine personal injury action by Stephen Scott against Cenac Towing Co., LLC and Settoon Towing, LLC. For eighteen years, Scott worked, first for Cenac and then for Settoon, as a seaman on board their vessels. While working for both companies, Scott encountered benzene-containing chemicals and solvents, including gasoline, diesel, and crude oil. He was later diagnosed with aplastic anemia, which causes insufficient production of new blood cells. Scott alleged that his condition developed as a result of his exposure to benzene.

Scott sued Cenac and Settoon in this Court in March 2012. He alleged claims of negligence and unseaworthiness, and sought

-1-

maintenance and cure and damages under the Jones Act and general maritime law.  Consistent with its obligation under the general maritime law, Settoon paid Scott's maintenance and cure, except for various medical expenses that were covered by two group health insurers, CIGNA and UMR.  In April 2012, Settoon answered Scott's complaint and simultaneously filed a cross claim against Cenac, alleging that Cenac was liable to Settoon for its proportionate share of maintenance and cure.

In December 2012, Settoon and Cenac agreed to jointly fund a settlement with Scott, and in February 2013, Scott signed a Receipt and Release Agreement dismissing his claims against both defendants in exchange for the settlement.  Before confecting the settlement agreement, Settoon and Cenac separately agreed to split the cost of maintenance and cure, resolving Settoon's cross claim.  In August 2013, after a dispute arose between Settoon and Cenac regarding the scope of their maintenance and cure agreement, the Court reopened this case to allow Settoon to pursue its cross claim.  Settoon now moves for summary judgment, contending that Cenac agreed to reimburse it for 50% of Scott's total maintenance and cure.

## Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if

the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See <u>Matsushita Elec. Indus. Co. v. Zenith Radio.</u>, 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

   The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. <u>See</u> <u>id.</u> Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. <u>Id.</u> at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. <u>See</u> <u>Donaghey v. Ocean Drilling & Exploration Co.</u>, 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. <u>Id.</u> Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. <u>Martin v. John W. Stone Oil Distrib., Inc.</u>, 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. <u>Anderson</u>, 477 U.S. at 255.

## I. Discussion

Settoon contends there is no genuine dispute that Cenac agreed to pay 50% of Scott's total maintenance and cure. Cenac counters that it never agreed to pay 50% of the total maintenance and cure; rather, it only agreed to pay 50% of Settoon's out-of-pocket expenses. The record evidence provides support for both parties' positions: one email from Settoon's counsel to Cenac's reads "it is my understanding that you will also recommend that your client pay 50 percent of the maintenance/cure expenses," but another reads "my understanding is that your client will reimburse Settoon 50 percent of its payments to the plaintiff." Nothing of record reveals whether the parties intended the reimbursement agreement to cover benefits paid by the group policy health insurers. This owes, at least in part, to the parties' failure to reduce their agreement to writing. The Court is persuaded that material and disputed fact issues remain regarding the scope of the reimbursement agreement.[1]

Accordingly, Settoon's motion for summary judgment is DENIED.

New Orleans, Louisiana, January 15, 2014

*Martin L. C. Feldman*
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] Why counsel need to resolve this tempest through the medium of a full-blown trial is rather confounding, but summary relief is certainly not warranted on this record.